UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TIMOTHY L. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. CV 13-2836-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Timothy L. Smith appeals from the denial of his applications for disability benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") gave specific and legitimate reasons for rejecting the opinion of Plaintiff's treating psychiatrist. The ALJ also stated sufficiently clear and convincing reasons to reject Plaintiff's testimony regarding his symptoms. Therefore, the ALJ's decision is affirmed.

---

[1] On February 14, 2013, Colvin became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), the Court therefore substitutes Colvin for Michael J. Astrue as Respondent.

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of Plaintiff's second effort to obtain disability benefits. His first, filed in 2008, ended in an unfavorable decision by an ALJ in April 2010 from which Plaintiff did not appeal. See Administrative Record ("AR") 103-12. Shortly thereafter, however, on April 30, 2010, Plaintiff filed new applications for Social Security Disability Insurance and Supplemental Security Income benefits. AR 21; see AR 152-62. He alleged disability beginning December 1, 2007, because of mental illness. AR 152, 156, 178. After a hearing on June 5, 2012, an ALJ determined that Plaintiff had severe impairments of major depressive disorder with psychotic features, stable on medication; obesity; history of lumbar spine strain; and history of positional dizziness. AR 24. The ALJ concluded that Plaintiff had a residual functional capacity ("RFC") to perform medium work but was restricted to only occasional climbing of ladders, ropes, scaffolds, ramps, or stairs; occasional balancing, stooping, kneeling, crouching, or crawling; and occasional or moderate exposure to hazardous machinery, unprotected heights, or other high-risk, hazardous, or unsafe conditions. AR 25-26. The ALJ further found that Plaintiff was restricted to work that does not require the directing, controlling, or planning activities of other people, and that does not require more than occasional interaction with the public or coworkers. AR 26. A vocational expert opined that Plaintiff could not perform his past relevant work but identified three jobs available in significant numbers that could by performed by an individual with Plaintiff's RFC. AR 89-90. The ALJ thus found that Plaintiff was not disabled. AR 30.

///
///
///

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in (1) failing to properly consider the opinion of Plaintiff's treating psychiatrist and (2) failing to properly consider Plaintiff's subjective symptoms. See Joint Stipulation ("JS") at 4. Plaintiff stipulates that, excepting issues raised in the Joint Stipulation, the ALJ has properly evaluated the medical evidence. Id.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-721.

///
///

## IV.

## DISCUSSION

**A.   The ALJ Did Not Err in Assessing the Opinion of Dr. De La Cruz**

Plaintiff asserts that the ALJ impermissibly rejected the opinion of Dr. E. A. De La Cruz, a treating psychiatrist. JS at 5. In a mental impairment questionnaire dated June 4, 2012, Dr. De La Cruz provided the following opinions: that Plaintiff is "often" limited in maintaining concentration, persistence in tasks, and an adequate work pace; that Plaintiff has "once or twice" had episodes of decompensation; and that Plaintiff would likely be absent from work more than three times a month. AR 366-69.[2]

It is well-settled that an ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Although an ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an uncontroverted opinion of a treating physician only for clear and convincing reasons. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Similarly, the ALJ must give specific and legitimate reasons supported by substantial evidence in the record when rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v.

---

[2] Although Dr. De La Cruz indicated that Plaintiff would be absent from work "[m]ore than three times a month," the doctor also wrote "unestablished" beneath the question regarding anticipated workplace absences, seeming to indicate that no determination could be made on the basis of available information. AR 368.

4

Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The record reflects that the ALJ gave specific and legitimate reasons for giving little weight to Dr. De La Cruz's opinion. First, the ALJ noted that the April 20, 2010 determination that Plaintiff was not disabled created a presumption of continuing non-disability. AR 23-24 (citing Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988).[3] The ALJ thus focused his evaluation on evidence postdating the prior determination. See AR 24. In this context, it is notable that the ALJ mentioned that Dr. De La Cruz was not currently treating Plaintiff and cited Plaintiff's testimony that he currently sees another psychiatrist. AR 27. In fact, Plaintiff testified at the June 2012 hearing that he had not seen Dr. De La Cruz regularly in two years. AR 71-72; see also AR 283 (Dr. De La Cruz noting in August 2010 that he had last seen Plaintiff in May). The ALJ correctly noted the lack of regular contact as a factor that significantly limited Dr. De La Cruz's ability to opine on any changes in Plaintiff's limitations in the relevant period.

The ALJ also found that Dr. De La Cruz's opinion regarding anticipated workplace deficiencies was inconsistent with the medical evidence reflecting effective treatment of Plaintiff's impairments with medication, including Dr. De La Cruz's own assessments. AR 27 (noting 2011 records relating that Plaintiff "feels better with medication" and denies symptoms). "Impairments that can be controlled effectively with medication are not disabling for the

---

[3] Plaintiff asserts that, by imposing greater restrictions than in the prior RFC, the ALJ necessarily abandoned Chavez. JS at 5 n.2. Chavez, however, does not preclude modification of a claimant's previously-determined RFC, but rather provides that a previous denial of benefits creates a "presumption of continuing nondisability" thereafter, which a claimant can only overcome by a showing of "changed circumstances." 844 F.2d at 693.

purpose of determining eligibility for [disability] benefits." <u>Warre v. Comm'r Soc. Sec. Admin.</u>, 439 F.3d 1001, 1006 (9th Cir. 2006); <u>see also</u> 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (noting relevant factors include effectiveness of medication). Although Plaintiff contends (JS at 8-9) that the records cited by the ALJ are isolated examples, medical records postdating April 2010 consistently reflect that Plaintiff's symptoms were effectively and conservatively treated through medication and monthly visits to Compton Mental Health. <u>See, e.g.</u>, AR 260 (Dr. De La Cruz noting decreased symptoms); 334 (reflecting continuation of existing prescriptions); 335, 338, 340, 342, 346, 347 (noting good response to medication, continuing prescriptions, and recommending follow-up visit in one month); <u>see also</u> AR 69 (Plaintiff testifying that he continued to take same medications in modified dosages). The law does not require that the ALJ discuss every piece of evidence. See <u>Hiler v. Astrue</u>, 687 F.3d 1208, 1212 (9th Cir. 2012).

     Nor, as the ALJ noted, did Dr. De La Cruz offer any clinical findings in support of his opinion. AR 27. Indeed, as the Commissioner notes (JS at 16 & n.8), the limited information set forth in Dr. De La Cruz's questionnaire is internally inconsistent. <u>See, e.g.</u>, AR 366 (providing Global Assessment of Function ("GAF") score of 65, indicating mild symptoms). The ALJ thus discredited Dr. De La Cruz's opinion on the basis of inconsistency with the medical evidence and lack of supportive clinical findings. See <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding discrepancy between treatment notes and doctor's opinion "a clear and convincing reason for not relying on the doctor's opinion"); <u>Batson v. Comm'r of Soc. Sec. Admin.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting ALJ may discredit treating physicians' opinions that are "conclusory, brief, and unsupported by the record as a whole or by objective medical findings" (internal citation omitted)).

///

The ALJ further noted that Dr. De La Cruz's opinion was inconsistent with opinions in the record from independent medical consultant Dr. Sohini P. Parikh, who performed a psychiatric evaluation of Plaintiff, and agency psychologist Burnard Pearce, Ph.D. AR 26. Dr. Parikh's clinical evaluation revealed no restrictions or impairments with respect to Plaintiff's daily activities; social functioning; concentration, persistence, and pace; ability to understand, remember, and carry out simple or complex instructions; ability to respond to other people and typical workplace situations; and ability to deal with changes in routine. AR 297; see also AR 294-96 (specifying findings, including that Plaintiff was alert and attentive and capable of abstract thinking). An examining physician's opinion may constitute substantial evidence because it rests on the physician's own independent examination. See Tonapetyan, 242 F.3d at 1149.[4] Dr. Pearce similarly found no evidence of severe impairment. AR 309. Further, as the ALJ noted, see AR 27, both opinions are consistent with the medical evidence of mental illness effectively managed through medication, and are thus entitled to the significant weight the ALJ assigned to them.[5] §§ 404.1527(c)(3), 416.927(c)(3); Tonapetyan, 242 F.3d at 1149 (noting that contrary opinion of nonexamining medical expert may constitute substantial evidence when consistent with other independent evidence in record).

Based on the foregoing, the Court concludes that the ALJ gave specific and legitimate reasons, each of which is supported by substantial evidence in

---

[4] Plaintiff's contention that Dr. Parikh's examination is incomplete because he did not review all of Plaintiff's medical records is incorrect. See 20 C.F.R. §§ 404.1517, 416.917.

[5] Plaintiff's contention (JS at 13-14) that the ALJ "implicitly rejected" Dr. Parikh's opinion is belied by the ALJ's assignment of "significant weight" to the report. See AR 27.

the record, for assigning little weight to Dr. De La Cruz's opinion regarding Plaintiff's workplace limitations. Plaintiff is not entitled to remand on this ground.

### B.     The ALJ Did Not Err in Assessing Plaintiff's Credibility

Plaintiff contends that the ALJ failed to articulate specific, clear, and convincing reasons for rejecting his testimony. JS at 23.

An ALJ's assessment of symptom severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not required to believe every allegation of disability, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks and citation omitted). In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. See Lingenfelter, 504 F.3d at 1035-36. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036 (internal quotation marks omitted). If such objective medical evidence exists, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen, 80 F.3d at 1282 (emphasis in original).

The ALJ may consider many factors in weighing a claimant's credibility, including "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid"; unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and the claimant's daily activities. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations and internal

quotations omitted). When the ALJ finds a claimant's subjective complaints not credible, the ALJ must make specific findings that support the conclusion. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010). Absent affirmative evidence of malingering, those findings must provide "clear and convincing" reasons for rejecting the claimant's testimony. Lester, 81 F.3d at 834. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas, 278 F.3d at 959.

  The ALJ credited Plaintiff's subjective complaints to the extent they were supported by the record, including his severe dizziness and difficulty being around others. See AR 24, 27. Accordingly, his RFC permits only occasional climbing, balancing, and exposure to potential hazards and restricts him to "work that does not require the directing, controlling or planning of activities of other people, and that does not require more than occasional interaction with the public or co-workers." AR 25-26.

  Where Plaintiff's complaints were not supported by the medical evidence, however, the ALJ provided specific, clear, and convincing reasons supporting his conclusion that "the record does not document the degree of limitation alleged" by Plaintiff. AR 26. As noted above, the ALJ properly gave significant weight to the opinions of examining psychiatrist Dr. Parikh and state-agency psychologist Dr. Pearce, neither of whom found Plaintiff's mental impairments severe. AR 26-27; Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (explaining that objective medical evidence may not be sole reason for discounting credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility).

  The ALJ also properly relied upon Plaintiff's own statements "that he

feels better with medication and his denial of recent auditory hallucinations and suicidal idealization" in assessing his claims of significant limitation. AR 27 (citing AR 363); see, e.g., Smolen, 80 F.3d at 1284 (in assessing credibility, ALJ may consider claimant's prior inconsistent statements concerning the symptoms). Indeed, Plaintiff confirmed at the hearing that he had been taking the same prescriptions for three years and that the medications help him. AR 46. The ALJ noted that, in addition to medication, Plaintiff attends a class at Compton Mental Health on coping techniques. AR 26.

The ALJ also properly relied on evidence that Plaintiff's ailments were both effectively and conservatively treated in discounting his claims of severe impairment. See 20 C.F.R. §§ 404.1529(c), 416.929(c) (noting that assessment of claimant's symptoms includes consideration of effectiveness of medication, treatment received, and other means claimant has adopted to relieve symptoms); Warre, 439 F.3d at 1006; Hurter v. Astrue, 465 F. App'x 648, 650 (9th Cir. 2012) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (citing Parra, 481 F.3d at 751)); see also Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The record reflects that the ALJ did just that. He provided a clear and convincing explanation for his credibility finding, supported by the opinions of two mental health specialists and evidence that Plaintiff's symptoms were controlled by medication and other conservative treatment. These are proper factors for

evaluating credibility, the findings are sufficiently specific to show that the ALJ's credibility determination was not arbitrary, and the reasoning is clear and convincing. Tommasetti, 533 F.3d at 1039-40; Houghton v. Comm'r Soc. Sec. Admin., 493 F. App'x 843, 845 (9th Cir. 2012). Because the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959; Fair, 885 F.2d at 604. Remand is not warranted.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: March 12, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge